United States Courts
Southern District of Texas
F I L E D

NOV 2 5 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

---

AUSTIN LEWIS,

Plaintiff,

v.                                    Civil Action No. _____

CITY OF GALVESTON,

DETECTIVE A. ROGERS, in his individual and official capacity,

LT. JOEL CALDWELL, in his individual and official capacity,

OFFICER GEOFFREY GAINER, in his individual and official capacity,

OFFICER A. LOHMAN, in his individual and official capacity,

OFFICER A. SMITH, in his individual and official capacity,

Defendants.

---

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Austin Lewis and files this Original Complaint complaining of Defendants and respectfully shows the Court as follows:

---

# I. INTRODUCTION

1.  This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights arising from the unlawful seizure and prolonged retention of his

personal cellular telephone by the Galveston Police Department.

2. Plaintiff's phone was seized and retained without a warrant, without consent, and without judicial authorization.

3. Defendants' actions violated clearly established rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

---

## II. JURISDICTION & VENUE

4. Jurisdiction is proper under 28 U.S.C. §§1331 and 1343.

5. Venue is proper under 28 U.S.C. §1391(b), as the events occurred in Galveston County, Texas.

---

## III. PARTIES

6. Plaintiff Austin Lewis is a resident of Fort Bend County, Texas.

7. Defendant City of Galveston is a Texas municipal corporation.

8. Defendant Detective A. Rogers is a sworn officer employed by the Galveston Police Department.

9. Defendant Lt. Joel Caldwell is a sworn officer employed by the Galveston Police Department.

10. Defendant Officer Geoffrey Gainer is a sworn officer employed by the Galveston Police Department.

11. Defendant Officer A. Lohman is a sworn officer employed by the Galveston Police Department.

12. Defendant Officer A. Smith is a sworn officer employed by the Galveston Police Department.

## IV. FACTUAL BACKGROUND

13. On September 18, 2023, Plaintiff was arrested in Galveston, Texas.

14. Plaintiff was transported to the Criminal Investigation Division and interviewed by Defendant Detective Rogers.

15. During this custodial interview, Rogers requested consent to search Plaintiff's cellular phone.

16. Plaintiff expressly refused consent.

17. Rogers informed Plaintiff the phone would nevertheless be kept.

18. No warrant was requested or obtained.

19. The phone was not logged into evidence nor entered into the property room.

20. No judicial order authorized continued retention of Plaintiff's device.

21. Plaintiff's phone was deprived for over two years.

22. Plaintiff is scheduled to retrieve the phone on November 25, 2025.

23. Plaintiff was provided no notice, hearing, or review mechanism.

## V. FIRST CAUSE OF ACTION

(Fourth Amendment – Unreasonable Seizure & Retention)

24. Plaintiff incorporates the preceding paragraphs.

25. Defendants unlawfully seized and retained his phone without lawful authorization and in violation of the Fourth Amendment.

## VI. SECOND CAUSE OF ACTION

(First Amendment Retaliation)

26. Plaintiff incorporates the preceding paragraphs.

27. Plaintiff regularly recorded and published videos of police activity.

28. Defendants seized his recording device in retaliation for this protected conduct.

29. Defendants' conduct chilled Plaintiff's protected expressive activity.

---

## VII. THIRD CAUSE OF ACTION

(Fourteenth Amendment – Due Process)

30. Plaintiff incorporates the preceding paragraphs.

31. Plaintiff was deprived of his property without notice, process, hearing, or judicial review.

---

## VIII. PATTERN, PRACTICE, CUSTOM & NOTICE

32. Plaintiff incorporates the preceding paragraphs.

33. Upon information and belief, the City of Galveston has a longstanding pattern and practice of detaining or seizing the recording equipment of individuals engaged in protected First Amendment activity.

34. Publicly filed federal lawsuits include, but are not limited to:

a. Lewis v. City of Galveston, et al., Case No. 3:24-CV-00267 (S.D. Tex.) — settled,

b. Rebmann v. Caldwell, et al., Case No. 3:24-CV-00155 (S.D. Tex.) — settled,

c. Lewis v. City of Galveston, et al., Case No. 3:25-CV-00338 (S.D. Tex.) — active,

d. Lewis v. City of Galveston, et al., Case No. 3:25-CV-00201 (S.D. Tex.) — active.

35. These cases placed the City on repeated and actual notice of unconstitutional conduct by its officers.

36. Upon information and belief, multiple such cases resulted in monetary settlements.

37. Despite notice, the City failed to implement corrective training or supervision.

38. These failures directly resulted in the violations suffered by Plaintiff.

## IX. MUNICIPAL LIABILITY (MONELL)

39. Plaintiff incorporates the preceding paragraphs.

40. The constitutional violations described herein were caused by customs, policies, and practices of the City of Galveston.

41. The City failed to properly train, supervise, or discipline its officers regarding seizure of recording devices.

## X. DAMAGES

42. Loss of use of vital property.

43. Emotional and mental distress.

44. Harm to First Amendment interests.

45. Financial loss.

## XI. ATTORNEY FEES

46. Plaintiff seeks attorney fees under 42 U.S.C. §1988.

## XII. EXHIBIT LIST

Exhibit A – Arrest/Incident Report

Exhibit B – Interview refusal excerpts

Exhibit C – Property/evidence documentation

Exhibit D – Phone return notice

Exhibit E – Facebook post

Exhibit F – Livestream URLs

Exhibit G – Damages summary

Exhibit H – Policy 424

(Exhibits attached separately)

## XIII. PRAYER FOR RELIEF

Plaintiff requests:

A. Compensatory damages;

B. Economic damages;

C. Emotional distress damages;

D. First Amendment damages;

E. Punitive damages;

F. Costs;

G. Attorney fees;

H. Interest;

I. All other relief to which Plaintiff is entitled.

## XIV. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Austin Lewis

4707 Ambrosia Springs Ln

Katy, TX 77494

Phone: (346) 527-6215

Email: GoodCitizenNews01@gmail.com

# EXHIBIT A – ARREST / INCIDENT REPORT

Description:

Exhibit A consists of the full Arrest/Incident Report generated by the Galveston Police Department regarding Plaintiff's arrest on September 18, 2023.

Authentication:

Plaintiff attests that the attached document is a true and accurate copy of the Arrest/Incident Report obtained from the Galveston Police Department.

Relevance:

This report documents:

1. Plaintiff's arrest,

2. officer involvement,

3. timeline of events,

4. the existence of seized property,

5. and the initiation of deprivation of Plaintiff's phone.


Attachment:

Arrest/Incident Reports (full)

# City Of Galveston Police Department

Incident Case Number:   23-006211

Reporting Agency:   City Of Galveston Police

Print Date/Time:   10/27/2023 12:25:24

**Disclaimer: The information contained within this report is reflective of the investigation at the date and time of its printing.**

**INCIDENT/INVESTIGATION REPORT**

| Agency Name | Case# |
|---|---|
| City Of Galveston Police Department | 23-006211 |

**I N C I D E N T  D A T A**

| ORI | Date / Time Reported |
|---|---|
| TX0840400 | 09/08/2023  18:18  Fri |

| | Last Known Secure |
|---|---|
| | 09/03/2023  18:18  Sun |

| Location of Incident | Gang Relat | Premise Type | Beat/Tract | At Found |
|---|---|---|---|---|
| 601 54TH ST, Galveston TX 77551 | NO | Highway/road/alley/st | | 09/08/2023  18:18  Fri |

| #1 | Crime Incident(s) | (Com ) | Weapon / Tools | | | Activity |
|---|---|---|---|---|---|---|
| | Obstruction Or Retaliation | | Entry | Exit | Security | |
| | PC 36.06 | F | | | | |

| #2 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
|---|---|---|---|---|---|---|
| | | | Entry | Exit | Security | |

| #3 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
|---|---|---|---|---|---|---|
| | | | Entry | Exit | Security | |

**MO**

**VICTIM**

| # of Victims  1 | Type:  INDIVIDUAL (NOT A LE OFFICER) | Injury: |
|---|---|---|

| | Victim/Business Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| V1 | CALDWELL, JOEL JAMES | 1, | 08/08/1970  Age  53 | W | M | 1AQ | Resident | |

| Home Address | Email | Home Phone |
|---|---|---|
| 601 54TH ST , Galveston, TX 77551- | | |

| Employer Name/Address | Business Phone | Mobile Phone |
|---|---|---|
| GALVESTON PD | | |

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|
| | | | | | | |

**OTHERS INVOLVED**

| CODES:  V- Victim (Denote V2, V3)   WI = Witness   IO = Involved Other   RP = Reporting Person (if other than victim) |
|---|

| Type:  INDIVIDUAL (NOT A LE OFFICER) | Injury: |
|---|---|

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| IO | KENNEDY, BOBBY J | | 11/11/1966  Age  56 | W | M | | Resident | |

| Home Address | Email | Home Phone |
|---|---|---|
| 3201 AVE K GALVESTON, TX 775500000 | | 409-762-0445 |

| Employer Name/Address | Business Phone | Mobile Phone |
|---|---|---|
| SELF, 3201 AVE K | 409-682-7012 | |

| Type:  INDIVIDUAL (NOT A LE OFFICER) | Injury: |
|---|---|

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| IO | HARVEY, ROBERT EDWIN | | 02/07/1978  Age  45 | W | M | | Non-Resident | |

| Home Address | Email | Home Phone |
|---|---|---|
| 2821 MARIGOLD AVE  FORT WORTH, TX 76111 | | |

| Employer Name/Address | Business Phone | Mobile Phone |
|---|---|---|
| | | 817-513-8033 |

**PROPERTY**

| 1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown |
|---|
| ("OJ" = Recovered for Other Jurisdiction) |

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | 27 | EVID | $1.00 | | 1 | 554-1 TWO DISCS CALDWELL INTERVIEW | | |
| | 27 | EVID | $1.00 | | 1 | 554-2 USB CONTAINING AUSTIN LEWIS INTERV | | |

| Officer/ID#    LOHMAN, A. (466230) | |
|---|---|
| Invest ID#    ROGERS, A. C. (308838) | Supervisor    GAINER, G. D. (420043) |

| Status | Complainant Signature | Case Status Warrant Obtained | 10/20/2023 | Case Disposition: Not Applicable | 10/20/2023 | Page 2 |
|---|---|---|---|---|---|---|

# INCIDENT/INVESTIGATION REPORT

*City Of Galveston Police Department*

Case # *23-006211*

| Status Codes | 1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown |

| | IBR | Status | Quantity | Type Measure | Suspected Type | Up to 3 types of activity |
|---|---|---|---|---|---|---|
| **D** | | | | | | |
| **R** | | | | | | |
| **U** | | | | | | |
| **G** | | | | | | |
| **S** | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers

Suspect Hate / Bias Motivated:   *NONE (NO BIAS)*

## INCIDENT/INVESTIGATION REPORT

Narr. (cont.) OCA: 23-006211    *City Of Galveston Police Department*

**N A R R A T I V E**

This report will detail an Obstruction or Retaliation which occurred in Galveston TX, on FM 3005, on August 3rd, 2023.

## REPORTING OFFICER NARRATIVE

| | | OCA |
|---|---|---|
| *City Of Galveston Police Department* | | *23-006211* |
| Victim | Offense | Date / Time Reported |
| *CALDWELL, JOEL JAMES* | *OBSTRUCTION OR RETALIATION* | *Fri 09/08/2023 18:18* |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case 23-006211
September 8th, 2023
Officer A. Smith #604
Unit #2317

SYNOPSIS:

This report will detail a retaliation report which occurred in Galveston Texas on September 3rd, 2023. The victim was identified as Lt. Joel Caldwell (W/M/DOOB:08/08/1970). The offender was identified as Austin Lewis (W/M/DOB: 07/03/1996).

DETAILS:

On September 8th, 2023, I, Officer A. Smith #604 was patrolling the west isle community in unit #2317 with my MVR and Body Worn Camera operational. At approximately 1830 hrs, I put myself out on a retaliation report with dispatch in regards to an incident that occurred on September 7th, 2023.

On September 7th, 2023, I observed a video on YouTube which was posted by a man I knew to be Bobby Kennedy (W/M/DOB: 11/11/1966) on his YouTube channel which was identified as "The Heathen". In this video, I observed Bobby discussing a video which was posted by a 1st Amendment Auditor on September 3rd, 2023, identified as Austin Lewis (W/M/DOB: 07/03/1996), on his YouTube channel "Good Citizen News". In Bobby's video he discussed where Austin made threats towards a Galveston Police Officer, identified as Lt. J. Caldwell (W/M/DOB: 08/08/1970).

Upon further review of Bobby's video, I observed that he was recording Austin's video on his channel. I observed a man, who I knew from prior encounters with to be Austin Lewis with the camera facing him and talking to his live audience state "if Caldwell is down here waiting for me, I got something for him. It's called a 40 caliber. Pew pew pew. Makes more of a pow". Austin then went on to state "I think you got like a 9 mm pew pew?", which he was asking another YouTuber known as "Clear Lake Audits" whom has not been identified at this time. Another 1st Amendment Auditor who was observed in the backseat, identified as Robert Harvey (W/M/DOB: 02/07/1978), stated he had mace on him.

At this point, I went to Austin's YouTube Channel, "Good Citizen News", to locate the original video. I located the video which was posted on September 3rd, 2023, as a Livestream titled "Cops!!". The section of the video where the threats towards Lt. Caldwell were made starts at approximately 7:15 minutes into the video. This video appears to be recorded while they were driving out to a Homicide scene that Officers were actively responding to. I reviewed the video and the above details described above from Bobby's recorded video were confirmed in the original video and audio.

On September 8th, 2023, I sent two emails containing both Bobby and Austin's videos to Det. Rogers with Major Crimes due to the severity of the threats made about a current Galveston Police Officer, Lt. Caldwell. Det. Rogers sent an email back asking me to complete an original report and to speak with the victim.

On September 8th, 2023, I made contact with Lt. Caldwell and asked if he was available for an interview, to which he was. Lt. Caldwell agreed to meet at the Justice Center. At approximately 1848 hrs, Lt. Caldwell arrived at the Justice Center and was interviewed in the front conference room. I asked Lt. Caldwell if he had seen the video posted on YouTube by Austin Lewis to which he stated he had and provided a recap of the video described above. Lt. Caldwell stated he took the threats seriously and feared for his life. Lt. Caldwell stated he believes Austin and the

## REPORTING OFFICER NARRATIVE

| | | OCA |
|---|---|---|
| *City Of Galveston Police Department* | | *23-006211* |
| Victim | Offense | Date / Time Reported |
| *CALDWELL, JOEL JAMES* | *OBSTRUCTION OR RETALIATION* | *Fri 09/08/2023 18:18* |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

other auditors will push the envelope, and due to that, their hatred for Law Enforcement and the Galveston Police Department that he takes the threat seriously. Lt. Caldwell stated he does not believe Austin would hesitate to shoot him or other law enforcement Officers. Lt. Caldwell stated he wanted to pursue charges. The interview was terminated at approximate 1854 hrs.

This report will be referred to CID for further investigation on Retaliation.

DISPOSIION:

Referred to CID for further investigation.

## Incident Report Suspect List

*City Of Galveston Police Department*

OCA: *23-006211*

| 1 | Name (Last, First, Middle) *LEWIS, AUSTIN TYLER* | | | | | | Also Known As *LEWIS, GOOD CITIZEN NEWS* | | | Home Address *4707 AMBROSIA SPRINGS LN KATY, TX 77494 713-839-5355* |
|---|---|---|---|---|---|---|---|---|---|---|
| | Business Address *GOOD CITIZEN NEWS, YOUTUBER* | | | | | | | | | |

| DOB *07/03/1996* | Age *27* | Race *W* | Sex *M* | Eth *N* | Hgt *601* | Wgt *200* | Hair *BRO* | Eye *BRO* | Skin *MED* | Driver's License / State *34972343 TX* |
|---|---|---|---|---|---|---|---|---|---|---|

Scars, Marks, Tattoos, or other distinguishing features

| *Reported Suspect Detail* | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | | Make | Model | | | Color | | Caliber | Dir of Travel Mode of Travel |
| Veh Yr / Make / Model | | | Drs | Style | | Color | | Lic Plate / State | | VIN |

Notes

Physical Char

## Incident Report Related Property List

*City Of Galveston Police Department*

OCA: *23-006211*

| 1 | Property Description **554-1 TWO DISCS CALDWELL INTERVIEW** | | Make | | Model | | | Caliber | |
|---|---|---|---|---|---|---|---|---|---|
| | Color | Serial No. | | Value **$1.00** | Qty **1.000** | | Unit | Jurisdiction **Locally** | |
| | Status **Evidence** | Date **09/08/2023** | NIC # | | State # | Local # | | OAN | |
| | Name (Last, First, Middle) **\* No name \*** | | | | DOB | | Age | Race | Sex |

<u>Notes</u>

| 2 | Property Description **554-2 USB CONTAINING AUSTIN LEWIS INTERV** | | Make | | Model | | | Caliber | |
|---|---|---|---|---|---|---|---|---|---|
| | Color | Serial No. | | Value **$1.00** | Qty **1.000** | | Unit | Jurisdiction **Locally** | |
| | Status **Evidence** | Date **09/08/2023** | NIC # | | State # | Local # | | OAN | |
| | Name (Last, First, Middle) **\* No name \*** | | | | DOB | | Age | Race | Sex |

<u>Notes</u>

**usb containing Austin Lewis Interview**

## CASE SUPPLEMENTAL REPORT
### NOT SUPERVISOR APPROVED

*City Of Galveston Police Department*                                                         OCA: **23006211**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:** *WARRANT OBTAINED*       **Case Mng Status:** *CLOSED WARRANT ON FILE*       **Occurred:** *09/03/2023*

**Offense:** *OBSTRUCTION OR RETALIATION*

---

**Investigator:** *ROGERS, A. C. (308838)*                   **Date / Time:** *09/14/2023 20:09:55, Thursday*

**Supervisor:** *(0)*                                   **Supervisor Review Date / Time:** *NOT REVIEWED*

**Contact:**                                               **Reference:** *Cid Supplement*

---

Detective A. Rogers #554
Galveston Police Department
Criminal Investigation Division
Obstruction Retaliation
23-006211

I, Detective A. Rogers #554 am a licensed Police Officer employed by the City of Galveston Police Department assigned to the Criminal Investigation Division as a Detective. On Monday September 11, 2023, I was investigating assigned case number 23-006211 which I found documented as an obstruction / retaliation.

I found that this incident stemmed from a video posted on YouTube via the handle "Good Citizen News". I learned the video, posted on September 3, 2023, was a livestream video titled "Cops". I had previous knowledge of this video which is documented below.

September 7, 2023,

10:01AM - I received an email videoed to me by Officer Smith containing a YouTube link. Upon watching the video, I saw that a subject known as Austin Lewis (W/M, DOB: 07/03/1996), made a threat toward Galveston Police Department Lieutenant J. Caldwell #339. I found that Austin Lewis made the comment on video stating, "if Caldwell is down here waiting for me, I got something for him. It's called a 40 caliber. Pew pew, makes more of a pow". I know through training and experience that "40 caliber" is common terminology used to describe a type of firearm, which fires 40 caliber bullets. In the same video, Austin Lewis goes on to state "and then Harvey`s got a fucking 12 gauge shotgun in his pants"

In the same video, Austin Lewis later states "I think you got like a 9mm pew pew"? Austin Lewis posed this comment / question to another subject in the vehicle with Austin Lewis known as "Clear Lake Audits" whom has not been identified. First Amendment Auditor Robert Harvey (W/M, DOB: 02/07/1978) stated in the same video that he had "mace" on him. The section of the YouTube video in which these threats are made began at approximately 7:15 into the video.

Later in the same video, I observed Austin Lewis to be at the scene of a double homicide which occurred within the city limits of Galveston and which a large number of Galveston Police Officers responded to. Lieutenant Caldwell is a Galveston Police Officer, and as a Lieutenant he is in charge of patrol across the entirety of the city of Galveston when he is on duty. Due to this fact, Lieutenant Caldwell would have been at the scene of the homicide had he been working at the time of the incident. This fact adds to the credibility of the threats made by Austin Lewis toward Lieutenant Caldwell. I have previous knowledge that Lieutenant Caldwell has arrested Austin Lewis, and Austin Lewis is vocal about his displeasure with Lieutenant Caldwell in many of the other videos posted to Austin Lewis` YouTube page.

---

Investigator Signature                                       Supervisor Signature

_City Of Galveston Police Department_                                     OCA: **23006211**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:** _WARRANT OBTAINED_       **Case Mng Status:** _CLOSED WARRANT ON FILE_       **Occurred:** _09/03/2023_

**Offense:** _OBSTRUCTION OR RETALIATION_

---

**Investigator:** _ROGERS, A. C. (308838)_                    **Date / Time:** _09/14/2023 20:09:55, Thursday_

**Supervisor:** _(0)_                         **Supervisor Review Date / Time:** _NOT REVIEWED_

**Contact:**                                           **Reference:** _Cid Supplement_

---

2:42PM - I responded to the email sent by Officer Smith stating I received the video and asked that she pull an original case number and interview the victim.

September 9, 2023,

2:43AM - I received an email from Officer Smith advising me that the victim in this case was interviewed and that the original case number was 23-006211.

September 11, 2023,

I watched the interview Officer Smith conducted with the victim in this case, Galveston Police Lieutenant J. Caldwell. Below is a brief synopsis of the interview Officer Smith conducted with Lieutenant J. Caldwell. The entirety of this interview was saved to a disc and placed as evidence in this case. I learned from Officer Smith's interview that Lieutenant Caldwell stated he had seen the video posted on September 3, 2023 by Austin Lewis. Lieutenant Caldwell stated that he did take the threats made in the video seriously, and feels that the actions by Austin Lewis have recently become outrageous. Lieutenant Caldwell stated he feels that Austin Lewis and the other accompanying him in the video would not hesitate to shoot him or another Galveston Police Officer. Lastly, I learned from the video that Lieutenant Caldwell stated that he did wish to pursue criminal charges in this case.

10:01AM - I forwarded the video to ADA S. Donnelly and asked that she watch the video and call me at her convenience.

11:09AM - I received a phone call from ADA Donnelly stating that she would accept criminal charges in this case for obstruction retaliation on Austin Lewis. ADA Donnelly assessed a bond of $40,000 in regards to this charge. A warrant was completed and signed by Judge Jeth Jones of the 122nd District Court.

Disposition:

Warrant Obtained

---

Investigator Signature                                      Supervisor Signature

CASE SUPPLEMENTAL REPORT    Printed: 10/27/2023  12:26
*NOT SUPERVISOR APPROVED*

*City Of Galveston Police Department*                                                    OCA: **23006211**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:** *WARRANT OBTAINED*    **Case Mng Status:** *CLOSED WARRANT ON FILE*    **Occurred:** *09/03/2023*

**Offense:** *OBSTRUCTION OR RETALIATION*

| | |
|---|---|
| **Investigator:** *ROGERS, A. C. (308838)* | **Date / Time:** *09/20/2023 14:39:55, Wednesday* |
| **Supervisor:** *(0)* | **Supervisor Review Date / Time:** *NOT REVIEWED* |
| **Contact:** | **Reference:** *Cid Supplement* |

Detective A. Rogers #554
Galveston Police Department
Criminal Investigation Division
Obstruction Retaliation
23-006211

On Monday September 18, 2023 I received word from Sergeant Dodson that Austin Lewis was in police custody on the outstanding warrant for obstruction retaliation. I requested Sergeant Dodson transport Lewis to the Criminal Investigation Division so I could conduct a formal interview with Lewis. At approximately 5:04PM I interviewed Austin Lewis in the CID Hard Interview Room. Below is a brief synopsis of my interview with Austin Lewis. The entirety of the interview was saved to a disc and stored as evidence within the Galveston Police Department Property Room.

I first mirandized Austin Lewis. While being mirandized, Austin Lewis was provided with a copy of the form I was reading from to follow along. Austin Lewis stated he did understand all of his Miranda rights and did wish to speak to me.

I first advised Austin Lewis what he was arrested for and advised him what was seen on one of his livestream videos. Austin Lewis stated that he is aware of the video and said his statement was made out of self defense. I asked Austin Lewis to elaborate on his self defense claims and Lewis stated he was previously assaulted by Lt. Caldwell and that is why he is on "permanent vacation until retirement". Austin Lewis stated Caldwell pulled his hair, yanked his neck, and damaged his wrist, head and back. Austin Lewis stated he did previously seek medical attention and has documentation of this. Austin Lewis stated he has already filed a law suit against Caldwell.

Austin Lewis said that because of this, he feels that if Caldwell showed up at the crime scene he was heading to that Lewis` life would have been in danger. I asked Austin Lewis what made him think Caldwell would show up at a crime scene if he was on permanent vacation until retirement and Austin Lewis stated that someone mentioned that Caldwell was waiting there for him. Austin Lewis said this comment came from one of the followers watching his livestream video.

I then asked Austin Lewis if he had any questions for me and he stated he did not. I advised Austin Lewis that a bond condition form was completed however it would be up to the discretion of the magistrate as to whether the bond conditions would be upheld or not. I further advised Austin Lewis that his bond was set at $40,000.

I then asked Austin Lewis how he films his livestream videos. Austin Lewis said if he is in a car someone usually holds the camera. Austin Lewis said people in his group have been arrested while livestreaming using their phone. I requested consent to search Austin Lewis` cellular device and he declined. I advised Austin Lewis that we would be keeping possession of his cellular phone.

Later in the evening I took the vehicle keys belonging to Austin Lewis to his friend per the request of Austin

| | |
|---|---|
| Investigator Signature | Supervisor Signature |

*NOT SUPERVISOR APPROVED*

*City Of Galveston Police Department*  OCA: **23006211**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:** *WARRANT OBTAINED*  **Case Mng Status:** *CLOSED WARRANT ON FILE*  **Occurred:** *09/03/2023*

**Offense:** *OBSTRUCTION OR RETALIATION*

**Investigator:** *ROGERS, A. C. (308838)*  **Date / Time:** *09/20/2023 14:39:55, Wednesday*

**Supervisor:** *(0)*  **Supervisor Review Date / Time:** *NOT REVIEWED*

**Contact:**  **Reference:** *Cid Supplement*

Lewis. A property receipt was completed upon the keys being released.

Investigator Signature                    Supervisor Signature

# EXHIBIT B – INTERVIEW REFUSAL EXCERPTS

Description:

Exhibit B consists of excerpts from the Arrest/Incident Report reflecting Plaintiff's express refusal to consent to a search of his cellular phone during custodial interrogation.

Authentication:

These excerpts are taken directly from the Arrest/Incident Report attached as Exhibit A.

Relevance:

This exhibit supports:

1. the fact that Plaintiff expressly refused consent,

2. Defendants' knowledge of refusal,

3. the absence of voluntary consent,

4. and the unlawfulness of the seizure.

Source Reference:

See Exhibit A, pp Page 10 par. 6

Attachment:

(Excerpts appear within Exhibit A)

# EXHIBIT C – PROPERTY / EVIDENCE DOCUMENTATION RECORD

Description:

Exhibit C consists of the portion of the Arrest/Incident Report referencing seizure of Plaintiff's cellular phone.

Authentication:

These excerpts are taken directly from the Arrest/Incident Report attached as Exhibit A.

Relevance:

This exhibit shows:

1.   that Plaintiff's phone was seized by officers,

2.   that the seizure occurred on September 18, 2023,

3.   and that the deprivation began immediately thereafter.


Note on Absence:

There is no supporting evidence log, no property receipt, and no chain-of-custody form included within the report, which supports Plaintiff's claim of improper seizure and retention.

Source Reference:

See Exhibit A, pp.——— pages 2,& 7

Attachment:

(Excerpts appear within Exhibit A)

# EXHIBIT D – PROPERTY RELEASE ORDER (CERTIFIED COPY)

Description:

Exhibit D consists of a certified copy of a Property Release Order signed by a judge of Galveston County, authorizing and directing the return of Plaintiff's seized cellular telephone.

Authentication Statement:

Plaintiff attests that Exhibit D is a true and correct copy of the certified judicial order provided to Plaintiff regarding the release of his seized phone. This document was obtained directly from official court records and bears a certification stamp and signature confirming its authenticity.

Relevance:

This exhibit corroborates Plaintiff's allegation that his cellular phone was seized and retained for over two years and that the phone's return required judicial action. It supports Plaintiff's claims regarding unlawful seizure, prolonged deprivation, lack of consent, and lack of legal basis for continuing possession of Plaintiff's property.

Purpose:

This exhibit establishes:

1. judicial acknowledgment of ongoing deprivation of Plaintiff's property,

2. that the property was not voluntarily released by Defendants,

3. that release required court intervention,

4. that the device remained in police custody until formal order,

5. and that the continued retention was not legally justified.

Attached Document:

Certified Property Release Order signed by presiding judge.

CAUSE NO.; MD-0427231

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE COUNTY COURT AT LAW NO. 1** |
| | § | |
| **VS.** | § | |
| | § | |
| **AUSTIN TYLER LEWIS** | § | **GALVESTON COUNTY, TEXAS** |

### NOTICE OF INTENT TO DESTROY EVIDENCE

On **11/14/2025** the undersigned Assistant District Attorney, at the conclusion of the proceedings in above Captioned and numbered cause on the foregoing date hereby certifies that written notice has been given 1). The Defendant, 2). The Defendant's counsel of record, and 3). The convicting court, by hand delivery a copy of this Notice of Intent to Destroy Evidence to the foregoing individuals and court, of the intent of the State of Texas to destroy any and all evidence, which may be in possession of the attorney representing the State of Texas or a clerk or any other person possessing said evidence in the above captioned and numbered cause, at any time after the expiration of ninety-one days from the foregoing date. Toxicological evidence will be retained and preserved in accordance with Art. 38.50, Code of Criminal Procedure.

### AGREED FORFEITURE / DESTRUCTION ORDER

☐ The Court hereby ORDERS that the following evidence be forfeited to the <u>Galveston Police Department; Galveston Police Department</u> for use or destruction.

| | |
|---|---|
| Item 1: _____ | Item 2: _____ |
| Item 3: _____ | Item 4: _____ |
| Item 5: _____ | Item 6: _____ |

### AGREED PROPERTY RETURN ORDER

☐ The Court hereby ORDERS that the following evidence shall be released to the Defendant or a representative.

| | |
|---|---|
| Item 1: _Iphone 14 ProMax_ | Item 2: _Black Iphone Case_ |
| Item 3: _____ | Item 4: _____ |

☐ The Court hereby ORDERS that the following evidence shall be released to the Defendant's attorney _____.

| | |
|---|---|
| Item 1: _____ | Item 2: _____ |

☒ The Court further ORDERS that any additional evidence or property seized in Case Number <u>23-006211; 23-006211</u> that is not listed above shall be forfeited to the <u>Galveston Police Department; Galveston Police Department</u> after the expiration of ninety-one days from the date of this order.

X_____
DEFENDANT

/s/ Lavia Lavender
Assistant Criminal District Attorney

SIGNED __11/14/2025.__

JUDGE PRESIDING

**FILED**
NOV 14 2025
10:10am
DWIGHT D. SULLIVAN, COUNTY CLERK
GALVESTON COUNTY, TEXAS
By: _____

STATE OF TEXAS
COUNTY OF GALVESTON

CERTIFIED COPY CERTIFICATE

The above and foregoing is a true and correct copy of the original record filed in my office in the Official Records of County Court at Law No. 1.

I hereby certify on November 14, 2025.

Dwight D. Sullivan, County Clerk
Galveston County, Texas

By: _____ Deputy
Stephan French

# EXHIBIT E – SOCIAL MEDIA POST AUTHENTICATION & RELEVANCE STATEMENT

Plaintiff: Austin Lewis

Defendants: City of Galveston, et al.

---

## I. DESCRIPTION OF EXHIBIT

Exhibit I consists of a publicly viewable Facebook post published by Defendant Lt. Joel Caldwell on his Facebook profile, referencing former Galveston Police Department personnel including Detective Tony Rogers.

This post includes:

- the username: "Joel J. Caldwell,"

- a public posting with timestamp "Jan 26,"

- photographic image(s),

- acknowledgment directed to "Tony Rogers,"

- comments and reactions,

- related repost from "Galveston Municipal Police Association."

A true and correct screenshot of the post is attached as Exhibit E-A

---

## II. AUTHENTICATION STATEMENT

Plaintiff attests that:

1.  Plaintiff personally accessed and viewed the social media page;

2.  the attached image is a true and correct copy of what appeared on Defendant Caldwell's publicly accessible Facebook profile;

3.  Plaintiff took the screenshot directly from the public post;

4.  the screenshot has not been altered, edited, or manipulated.

---

## III. RELEVANCE

This exhibit is relevant because:

1.  it shows Defendant Caldwell's relationship and communication with Detective Tony Rogers,

2.  identifies engagement between members of the Galveston Police Department chain of command,

3.  demonstrates ongoing affiliation and coordination between named defendants,

4.  supports Plaintiff's claim regarding collaboration, direction, and supervision relevant to the seizure of Plaintiff's property,

5.  and is probative of motive, coordination, and notice.

---

## IV. PURPOSE

This exhibit is not introduced for character purposes, but for:

- relational association,

- supervisory linkage,

- communications context,

- municipal liability relevance,

- and impeachment if necessary.

---

## V. ATTACHED IMAGE

The following file is attached to this exhibit:

Exhibit E-A: Screenshot from Defendant Lt. Caldwell's public Facebook profile

---

# END OF EXHIBIT E

< **Joel J. Caldwell** 🔍

**Posts**   **Photos**   **Reels**

 **Joel J. Caldwell**
Jan 26 · 🌐

Thank you Tony Rogers, Jay Gerardo and the GMPA BOD. It has truly been an honor to serve and be a member of this organization for the past 23 years. Looking forward to working with you for many years to come.

 **Galveston Municipal Police Association · Follow**
Jan 25 · 🌐

23 1/2 years of service to the city of Galveston. Thank you for all you've done for GPD, GMPA, and the city of Galveston. 339 out (but actually across the hall) ✌️



behalf of Galveston Police Department and the community

👍❤️😢 153                59 comments  1 share

👍 Like            💬 Comment            ↪ Share

 **Joel J. Caldwell**
Jan 16 · 🌐

Give if you can. This guy is probably the biggest scapegoat

     

# EXHIBIT F – PUBLICLY AVAILABLE LIVESTREAM EVIDENCE

Video Title: "Caldwell Charges"

Platform: YouTube

Livestream URL:

https://youtube.com/live/qhykX6n2n3I?feature=share

---

## I. DESCRIPTION

Exhibit F consists of a publicly available YouTube livestream containing the same alleged content referenced by law enforcement in connection with the criminal case.

This livestream remains accessible to the public, independent of Plaintiff's phone.

~~A screenshot of the livestream is attached as Exhibit F-A.~~

---

## II. AUTHENTICATION

Plaintiff attests that:

1. Plaintiff personally accessed the livestream video on YouTube.

2. The above URL links directly to the public recording.

3. The video content is not stored exclusively on Plaintiff's phone.

4. The video was accessible publicly before, during, and after arrest.

5. ~~The screenshot attached as Exhibit F-A is accurate and unaltered.~~

---

## III. RELEVANCE TO THIS ACTION

This exhibit is relevant because:

1. The alleged evidence used to justify seizure of Plaintiff's phone was already publicly available online.

2. Defendants could have viewed, preserved, downloaded, or subpoenaed this video WITHOUT seizing Plaintiff's phone.

3. Because the content was public, there was no legitimate evidentiary need to physically retain Plaintiff's device.

4. This undermines any claim of exigent circumstances related to evidence preservation.

---

## IV. PURPOSE IN SUPPORT OF CLAIMS

This exhibit supports Plaintiff's Fourth Amendment unlawful seizure claim by demonstrating:

- no risk of evidence loss

- no need for forensic preservation

- no urgent justification for seizure

- no grounds for prolonged retention

It further supports Plaintiff's First Amendment retaliation claim by demonstrating the seizure was punitive, not evidentiary.

---

ATTACHMENT

 Exhibit A — screenshot of referenced livestream

(attached behind this page)

---

# END OF EXHIBIT F

# EXHIBIT G – DAMAGES SUMMARY

Plaintiff: Austin Lewis

Defendants: City of Galveston, et al.

Subject Property: Cellular telephone

Seizure Date: September 18, 2023

Projected Return Date: November 24, 2025

Total Deprivation Period: Approximately 26 months

---

## I. PROPERTY LOSS / LOSS OF USE

Plaintiff was deprived of his primary cellular device and recording instrument for approximately twenty-six (26) months, causing loss of use, replacement costs, loss of data access, and disruption to business operations.

Estimated range: $2,000.00 – $12,500.00

---

## II. ECONOMIC LOSSES

The seized device was used for journalism and monetized social media video production.

Plaintiff suffered lost revenue, lost content opportunities, and diminished engagement during the deprivation period.

Estimated range: $15,000.00 – $85,000.00

---

## III. EMOTIONAL DISTRESS / MENTAL ANGUISH

Prolonged deprivation, uncertainty, anxiety, distress, humiliation, and fear of continued targeting caused Plaintiff emotional and psychological harm.

Estimated range: $25,000.00 – $150,000.00

---

## IV. FIRST AMENDMENT DAMAGES

Seizure directly interfered with Plaintiff's ability to engage in protected expressive activity, including recording and publishing police encounters.

Estimated range: $25,000.00 – $250,000.00

---

## V. PUNITIVE DAMAGES (AGAINST INDIVIDUAL DEFENDANTS)

Punitive damages are recoverable under 42 U.S.C. §1983 to punish and deter retaliatory and unconstitutional conduct.

Estimated punitive range: $50,000.00 – $500,000.00 per individual defendant

---

## VI. ATTORNEY FEES – 42 U.S.C. §1988

Attorney fees may be awarded if counsel appears at any stage in this matter.

---

## VII. SUMMARY OF DAMAGES RANGE

Low-end exposure: $40,000.00 – $85,000.00

Moderate exposure: $85,000.00 – $250,000.00

High exposure: $250,000.00 – $750,000.00+

Potential jury exposure: $1,000,000.00+

---

# END OF EXHIBIT G

# EXHIBIT H – POLICY 424 SUMMARY & VIOLATION ANALYSIS

Plaintiff: Austin Lewis

Defendants: City of Galveston, et al.

Policy at Issue: Galveston Police Department Policy §424 – "Seizure and Handling of Digital Evidence & Recording Devices"

---

## I. POLICY 424 – SUMMARY

Galveston Police Department Policy 424 governs:

1. seizure of digital devices,

2. seizure of electronic storage devices,

3. seizure of mobile phones,

4. possession and control of digital evidence,

5. logging and documenting seized items,

6. supervisory authorization requirements,

7. procedures for maintaining chain of custody,

8. and procedures for obtaining warrants for digital devices.

Policy 424 mandates that:

- digital devices must not be seized without either:

    o   independent probable cause, or

    o   valid consent, or

- ○ a judicial warrant.
- digital devices must be secured in the property room,
- must be logged into the evidence system,
- must be documented,
- must be returned promptly when no longer needed,
- must not be retained indefinitely,
- and must not be retained without judicial authorization.

Policy 424 also states supervisors must be notified when a digital device is seized.

---

## II. POLICY REQUIREMENTS APPLICABLE TO THIS CASE

Under Policy 424, officers are required to:

- request consent,
- advise the subject of right to refuse,
- seek a warrant if consent is declined,
- log the item immediately into evidence or property custodian database,
- maintain chain of custody documentation,
- ensure supervisory review,
- and document justification.

None of these actions were performed.

---

## III. POLICY 424 VIOLATIONS IN THIS INCIDENT

1. Plaintiff expressly refused consent to search his phone.

2. Defendants seized the phone despite refusal.

3. No warrant was sought.

4. No warrant was obtained.

5. The device was not logged into the evidence/property system.

6. The device was not placed into secure administrative custody.

7. Supervisory review did not occur.

8. Judicial oversight did not occur.

9. The device was held for over 2 years with zero legal authority.

10. No return process was initiated until after plea disposition.

---

# IV. RESULTING PREJUDICE

These violations caused:

- loss of access to property,

- loss of business opportunity,

- loss of stored information,

- disruption of publishing activity,

- financial harm,

- and constitutional injury.

---

# V. CONCLUSION

Galveston Police Department Policy 424 existed to prevent exactly the type of constitutional violations suffered by Plaintiff.

Defendants ignored the policy.

The City failed to train its officers to follow the policy.

Such failure directly resulted in the violations suffered by Plaintiff.

# END OF EXHIBIT H

| Policy **424** | **City of Galveston Police Department** |
|---|---|
| | TX LE Policy Manual (linked w/ Global) |

# Public Recording of Law Enforcement Activity

## 424.1 PURPOSE AND SCOPE

Best Practice

This policy provides guidelines for handling situations in which members of the public photograph or audio/video record law enforcement actions and other public activities that involve members of this department. In addition, this policy provides guidelines for situations where the recordings may be evidence.

## 424.2 POLICY

Best Practice

The City of Galveston Police Department recognizes the right of persons to lawfully record members of this department who are performing their official duties. Members of this department will not prohibit or intentionally interfere with such lawful recordings. Any recordings that are deemed to be evidence of a crime or relevant to an investigation will only be collected or seized lawfully.

Officers should exercise restraint and should not resort to highly discretionary arrests for offenses such as interference, failure to comply or disorderly conduct as a means of preventing someone from exercising the right to record members performing their official duties.

## 424.3 RECORDING LAW ENFORCEMENT ACTIVITY

Federal

Members of the public who wish to record law enforcement activities are limited only in certain aspects.

    (a)    Recordings may be made from any public place or any private property where the individual has the legal right to be present.

    (b)    Beyond the act of photographing or recording, individuals may not interfere with the law enforcement activity. Examples of interference include, but are not limited to:

        1.    Tampering with a witness or suspect.

        2.    Inciting others to violate the law.

        3.    Being so close to the activity as to present a clear safety hazard to the officers.

        4.    Being so close to the activity as to interfere with an officer's effective communication with a suspect or witness.

    (c)    The individual may not present an undue safety risk to the officer, him/herself or others.

## 424.4 OFFICER RESPONSE

Best Practice

Officers should promptly request that a supervisor respond to the scene whenever it appears that anyone recording activities may be interfering with an investigation or it is believed that the

Copyright Lexipol, LLC 2020/10/02, All Rights Reserved.
Published with permission by City of Galveston Police Department

\*\*\*DRAFT\*\*\*

## *Public Recording of Law Enforcement Activity*

recording may be evidence. If practicable, officers should wait for the supervisor to arrive before taking enforcement action or seizing any cameras or recording media.

Whenever practicable, officers or supervisors should give clear and concise warnings to individuals who are conducting themselves in a manner that would cause their recording or behavior to be unlawful. Accompanying the warnings should be clear directions on what an individual can do to be compliant; directions should be specific enough to allow compliance. For example, rather than directing an individual to clear the area, an officer could advise the person that he/she may continue observing and recording from the sidewalk across the street.

If an arrest or other significant enforcement activity is taken as the result of a recording that interferes with law enforcement activity, officers shall document in a report the nature and extent of the interference or other unlawful behavior and the warnings that were issued.

### 424.5 SUPERVISOR RESPONSIBILITIES
Best Practice
A supervisor should respond to the scene when requested or any time the circumstances indicate a likelihood of interference or other unlawful behavior.

The supervisor should review the situation with the officer and:

(a) Request any additional assistance as needed to ensure a safe environment.

(b) Take a lead role in communicating with individuals who are observing or recording regarding any appropriate limitations on their location or behavior. When practical, the encounter should be recorded.

(c) When practicable, allow adequate time for individuals to respond to requests for a change of location or behavior.

(d) Ensure that any enforcement, seizure or other actions are consistent with this policy and constitutional and state law.

(e) Explain alternatives for individuals who wish to express concern about the conduct of department members, such as how and where to file a complaint.

### 424.6 SEIZING RECORDINGS AS EVIDENCE
Federal
Officers should not seize recording devices or media unless (42 USC § 2000aa):

(a) There is probable cause to believe the person recording has committed or is committing a crime to which the recording relates, and the recording is reasonably necessary for prosecution of the person.

1. Absent exigency or consent, a warrant should be sought before seizing or viewing such recordings. Reasonable steps may be taken to prevent erasure of the recording.

(b) There is reason to believe that the immediate seizure of such recordings is necessary to prevent serious bodily injury or death of any person.

## Public Recording of Law Enforcement Activity

    (c)    The person consents.

        1.    To ensure that the consent is voluntary, the request should not be made in a threatening or coercive manner.

        2.    If the original recording is provided, a copy of the recording should be provided to the recording party, if practicable. The recording party should be permitted to be present while the copy is being made, if feasible. Another way to obtain the evidence is to transmit a copy of the recording from a device to a department-owned device.

Recording devices and media that are seized will be submitted within the guidelines of the Property Room Policy.

Copyright Lexipol, LLC 2020/10/02, All Rights Reserved.
Published with permission by City of Galveston Police
Department    ***DRAFT***    Public Recording of Law Enforcement Activity
- 3